UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN DAVIS,<br><br>            Petitioner,<br><br>   v.<br><br>ROBERT NEUSCHMID,<br><br>            Respondent. | No.  2:18-cv-2682 AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

     Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

     Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

     Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Petitioner, who was convicted of crimes including robbery and assault in 1997 and sentenced to more than 40 years imprisonment, challenges a decision by the California Department of Corrections and Rehabilitation that he is not eligible for early parole consideration

////

under Proposition 57.¹ He contends that he is eligible for such consideration because his primary offense is second degree robbery, which does not constitute a "violent offense." Petitioner administratively grieved the matter, and unsuccessfully sought habeas relief in the California courts.

Federal habeas relief is available to state inmates who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is not available for state law errors of any kind. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). A habeas petitioner must show that an alleged state sentencing error was "so arbitrary or capricious as to constitute an independent due process violation." Richmond v. Lewis, 506 U.S. 40, 50 (1992). Proposition 57 addresses parole rather than sentencing per se, and the U.S. Constitution establishes no substantive right to parole or consideration for parole. Swarthout v. Cooke, 562 U.S. 216, 220 (2011).

Petitioner's Proposition 57 claim is not cognizable on federal habeas review because it presents a question of state law that does not implicate federal rights. Petitioner cannot transform a state law issue into a federal one by merely invoking due process. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). The California courts rejected petitioner's bid for Proposition 57 consideration, ECF No. 1 at 23-27, and their interpretation of state law is not reviewable in this court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam) (state court's interpretation of state law is binding on federal habeas court). The superior court concluded in a reasoned decision that petitioner is not eligible for early parole consideration under Proposition 57, as a matter of state law; the California appellate and Supreme Court agreed. ECF No. 1 at 23-27. Because petitioner's application was considered and rejected by CDCR according to the

---

¹ Proposition 57 added Article 1, Section 32 to the California Constitution. It states in relevant part: "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).

procedures established by Proposition 57, and the result has been upheld as correct under state law, the denial of parole consideration cannot have been arbitrary or capricious.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Because it plainly appears that the petitioner is not entitled to relief in the district court, the petition should be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 2, is granted.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE